32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert RUX, on behalf of himself and all others similarly
situated, Plaintiff-Appellant,
v.
Hazel SARVIS; John Doe Sarvis, husband & wife, individually
and the marital community composed thereof; Julian C.
Dewell; Jane Doe Dewell, husband & wife, individually and
the marital community composed thereof; Christopher Knapp;
Walter Webster, et al., Defendants-Appellees.
 No. 92-36753.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 8, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Rux appeals a district court order dismissing his 42 U.S.C. Sec. 1983 action. The court also ordered Rux to pay the defendants' costs and attorney's fees and ordered Rux's attorney, Donald J. Koler, to pay $1,000 to defendant Sarvis. See Fed.R.Civ.P. 11. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's dismissal. Oscar v. University Students Co-operative Ass'n., 965 F.2d 783, 785 (9th Cir.1992) (en banc). We review for abuse of discretion Rule 11 sanctions. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).
 
 
 4
 Sarvis sued Rux in state court for unlawful detainer. Private citizens are not amenable to suit under 42 U.S.C. Sec. 1983 as "state actors." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). The district court properly dismissed Rux's suit against Sarvis.[1]
 
 
 5
 Defendants Dewell and Knapp represented Sarvis in her state court action. They too are not state actors and not amenable to suit under 42 U.S.C. Sec. 1983. Briley v. California, 564 F.2d 849, 855 (9th Cir.1977). The district court properly dismissed the action against Dewell and Knapp.[2]
 
 
 6
 Defendants Forrest, Webster and Scholfield, as Division I judges of the Washington Court of Appeals, affirmed the state trial court's judgment. Judges are immune from liability in Sec. 1983 suits. Pierson v. Ray, 386 U.S. 547, 554-55 (1967). The district court properly dismissed that action against Judges Forrest, Webster and Scholfield.
 
 
 7
 The district court awarded sanctions against Rux and Koler because a history of prior sanctions demonstrated that both knew of the frivolity of their action and because the litigation was in bad faith and for an improper purpose. The court also said that the litigation was not well grounded in fact, not warranted by the law and not a good faith argument for the modification of existing law. We agree and affirm the award of costs, attorney's fees and sanctions.
 
 
 8
 We also grant the defendants' requests because this is a frivolous and vexatious appeal. We award double costs and an attorney's fee to each defendant in the amount of $1,500, assessed against Rux and Koler, jointly and severally. See Fed.R.App.P. 38; see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We recognize that Rux alleged a conspiracy. However, he alleged no facts to support that claim
 
 
 [2]
 Id